# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Docket No.: 3:23-CR-129 |
| | ) | JUDGE CRYTZER |
| CASEY PATRICK HENRIETTA. | ) | |

## SENTENCING MEMORANDUM FOR THE UNITED STATES

The defendant has entered into a plea agreement of the kind specified in Federal Rules of Criminal Procedure 11(c)(1)(C). The United States and the defendant have both agreed the appropriate disposition of this case is a sentence of two hundred and ninety-two (292) months imprisonment, followed by a term of supervised release as well as any lawful fines, special assessment fees, forfeiture and restitution imposed by the Court. The United States respectfully asks this Court to accept the specific sentence agreed to by the parties.

If a plea agreement includes a specific sentence, pursuant to Federal Rule of Criminal Procedure (FRCP) 11(c)(1)(C), the Court may accept the agreement if the Court is satisfied that: (1) the agreed sentence is within the applicable guideline range; or (2)(A) the agreed sentence is outside the guideline range for justifiable reasons; and (B) those reasons are set forth with specificity in the statement of reasons form. *See* U.S.S.G. § 6B1.2(c).

The 11(c)(1)(C) plea agreement of two hundred and ninety-two (292) months imprisonment is one month shy of the top end of the calculated guideline range by the Presentence Investigative Report (PSR) writer, Katelyn Smith. Neither party objects to the guideline calculation. [Docs. 33 & 34]. Therefore the 11(c)(1)(C) plea agreement satisfies the FRCP 11(c)(1)(C)(1) prong if this Court finds the PSR guideline range of 235-293 is the applicable range. [*See* Doc. 32, ¶ 76].

Analysis of the 18 U.S.C. § 3553(a) factors applied to the specific facts surrounding the case at bar warrant a stringent sentence of imprisonment. In this case it is important to consider the nature and circumstances of the offense as well as the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1).

Defendant pled to one count of a two-count indictment charging attempted production of child pornography. [Doc. 32, ¶¶ 3-5].  The facts of count one are disturbing and sadly only scratch the surface of the nature and history of the defendant's crimes against children. Knowledge of the nature and history of defendant's crimes are essential for this Court to fashion an appropriate sentence.  No limit shall be placed on the information concerning the background, character and conduct of a person convicted of an offense which may be received by this Court. 18 U.S.C. § 3661.

Defendant is a serial child predator.  He is different from many other predators in that he deviated outside of his specific child predator pattern. Law enforcement determined the defendant had hundreds of victims.  Seven of those victims, the defendant met over the internet, developed relationships and directed them to send him CP images/videos of themselves. [*Id*. ¶¶ 26-32].  The defendant had a large collection of child pornography (CP), to include 1,014 images and 599 videos. [*Id*. ¶33]. While the defendant was not the person who instructed or took the images/videos of the victims in his CP collection he none the less victimized each child by keeping their images circulating and in demand in the CP world. Finally, law enforcement identified a victim whom the defendant had actual physical contact. [*Id*. ¶ 24].  This is a man who simply must not have access to children in any way!

Defendant, currently only 27 years old, [Doc. 32] committed crimes against children for years before he was finally brought to justice.  In December 2022, a Delaware mother of a 13-

2

year-old boy looked at her son's cell phone and was dismayed to find texting between her son and the defendant including CP images of her son. [Doc. 32, ¶ 16]. A local Delaware police department began an investigation. It was determined the defendant had an ongoing relationship with the child since he was 9 years of age. [*Id*. ¶¶ 16-20, 23]. For 4 years the relationship consisted of the defendant asking and receiving illicit sexual images/videos of the minor victim and the defendant sending over the internet images/videos of his penis to the child.

The defendant was residing in Knoxville at the time he was exploiting the child from Delaware. HSI-Knoxville Internet Crime Against Children (ICAC) Task Force took over the investigation. On December 7, 2023, a search warrant was executed at the defendant's home where he lived with his parents and his brother. Defendant lived at parent's home until the time of his arrest. During those years he worked on and off at 4 different McDonalds and a few months at his father's company. [*Id*. ¶ 73]. Based on what law enforcement discovered on the defendant's iPhone, defendant spent most of his time vulgarly soliciting young boys for images/videos of their penises and buttocks.

Law enforcement was able to determine the identities of 6 additional victims all being abused in the defendant's same pattern of abuse. [*Id*. ¶ 25]. The defendant had actual communication with, attempted to solicit CP or did exploit CP from the underaged children. All 7 victims were victimized around the same time frame in 2022. [*Id*.¶¶ 26-32]. Defendant admits he engaged in a pattern of activity involving prohibited sexual conduct. [ Doc. 34, 32, ¶ 50].

The pattern bears discussion. The internet has provided child predators with a valuable tool. It is invaluable for locating their prey anywhere in the world with whatever level of anonymity they so choose. The internet supports child predators to act on their crimes. There is

3

power in knowing there are child predators in the world ready to support and instruct them on acting on their crimes against children.

Victimizing children over the internet like actual sexual contact with children, in most cases, requires grooming and a time commitment. Grooming encourages the child to voluntarily participate in the sex acts wanted by the predator. Most children involved in sexual exploitation over the internet are not immediately going to provide CP images/videos of themselves to a stranger. It is more likely the child will respond to a sex predator after meeting in a chatroom or in the case of the Delaware victim, meeting the defendant playing a game on the internet using the PlayStation Network. [Doc. 32, ¶ 17]. Gaming over the internet allows the player to communicate with other players all over the world. Depending on the game, players can communicate by text, voice and or video. Additionally, the game can be set up where only selected players can communicate and or play with specified people. Games on the internet can also have additional costs to play the game for which tokens must be purchased. Players are able to purchase tokens for other players. Grooming a pre-teen child for CP after providing free tokens to play his/her favorite internet game is like shooting fish in a barrel. Internet games are fertile grounds to groom and gain the trust of young impressionable children just like the Delaware victim.

In the case of the Delaware victim, once the trust was gained, the defendant moved their communication to text and other communication applications for easier access to obtain CP images and videos. [*Id*. ¶ 18]. While law enforcement was able to identify other victims, the origin of where the defendant met his other victims is unknown. However, communication with the 7 victims by the defendant on either social applications or through texting were located on the defendant's cell phone. [Doc. ¶¶ 26-32].

4

The second minor victim (2MV) was a 12-year-old who exchanged messages and CP images and videos with the defendant for over a month. [*Id*. ¶ 27]. Defendant was able to score 2MV's erect penis and several images of his buttocks for his collection. [*Id*.]. In one of the buttock images, the Defendant responds with a demand: "Spread your cheeks." [*Id*.].

The third minor victim (3MV) was 13 years old. The defendant succeeded in attempting to entice and exploit 3MV, there was no evidence that the defendant possessed any image of 3MV. [*Id*. ¶]. Defendant would send requests of sexually explicit content such as: "Send ass." [*Id*.].

The fourth minor victim (4MV) was a bit older than the defendant's usual prey. 4MV was a 16-year-old boy. [*Id*.¶ 29]. Their communications were graphic and on May 25, 2022, the defendant requested CP of 4MV. [*Id*.]. 4MV sent the defendant a video of him fully nude masturbating in a chair and then 4MV moved to a bed. [*Id*.].

The fifth minor victim (5MV) was a 13-year-old boy. [*Id*. ¶ 30]. The pattern of communication between the defendant and 5MV was the same as the other victims. The communication lasted for about a month with the defendant sending 5MV graphic messages. [*Id*.]. And while there were no CP images of 5MV located in defendant's phone, 5MV did send an image showing his leg and underwear. [*Id*.]. The image sent by 5MV demonstrates the defendant's grooming tactics were working. 5MV sent a provocative image indicating he was working up courage to send CP of himself.

The sixth minor victim (6MV) who was a 14-year-old boy was identified because he sent the defendant a CP video of himself laying on a bed naked with his face exposed slapping his buttocks. [*Id*. ¶ 31].

The seventh minor victim (7MV) had the same pattern of salacious communication to include the defendant soliciting CP. [*Id.* 32]. 7MV did as he was told and sent a video of himself masturbating. [*Id.*].

The eighth identified victim (8MV) was actual contact. When the victim was 14 and 15, he was awakened 2 times to the defendant having pulled his pajama bottoms down, touching the victim's penis while videoing the act. [*Id.*, ¶ 24]. 8MV also told law enforcement he has witnessed the defendant grooming other children and speaking to minors requesting sexually explicit photos.

Defendant is a serious threat to children in society. The lengths at which the defendant went to victimize children is appalling. He victimized multiple victims in a day. [*Id.* ¶¶ 3,4, 27]. And most importantly, the defendant has left a wake of child victims in his path. The victims will live forever in the memory prison foisted on them by the defendant.

Defendant has agreed to a long sentence of imprisonment. He deserves it. The sentence is sufficient but not greater than necessary to comply with the 18 U.S.C. § 3553(a) factors. The defendant has directly and indirectly victimized hundreds of victims. His crimes are serious. The defendant's sentence will end, the damage he has inflicted on his victims for sexual gratification will not.

6

WHEREFORE, the United States requests this Court to impose a two hundred ninety-two (292) month term of imprisonment on the defendant followed by a lifetime of supervised release and any forfeiture, fines and restitution this honorable Court deems fit.

Respectfully submitted this 13th day of February 2025,

CARYN L. HEBETS
ACTING UNITED STATES ATTORNEY

By:     *s/ Jennifer Kolman*
        Jennifer Kolman
        Assistant United States Attorney
        800 Market Street, Suite 211
        Knoxville, Tennessee 37902
        (865) 545-4167
        jennifer.kolman@usdoj.gov
        GA Bar #427930

7